Jack **BLACK, State Director, Indiana Legislative Board, United Transportation Union, Appellant (Petitioner below),**

v.

**SEABOARD SYSTEM RAILROAD, and Public Service Commission of the State of Indiana, Appellee (Respondent below).**

No. 2–785A237.

Court of Appeals of Indiana, First District.

Jan. 14, 1986.

Rehearing Denied Feb. 14, 1986.

Nelson G. Grills, Indianapolis, for appellant (petitioner below).

James L. Petersen, Robert B. Clemens, Ice Miller Donadio & Ryan, Indianapolis, for appellee (respondent below).

ROBERTSON, Presiding Judge.

Jack Black (Black), as State Director of the Indiana Legislative Board, United Transportation Union, filed a complaint with the Public Service Commission of Indiana (PSC) asking PSC to investigate the condition of walkways along the roadbeds of Seaboard System Railroad and to recommend and enforce standards for such walkways. PSC dismissed the cause on the ground that it did not have jurisdiction over the subject matter of the complaint.

We affirm.

In his complaint, Black alleged that serious differences of opinion existed between conductors and transportation officers of the railroad concerning conditions of the walkways along the roadbeds between Bloomington, Indiana and Louisville, Kentucky. Black urged PSC to "recommend standards for the construction and maintenance of walkways to protect the safety of employees required to use the walkways, and recommend that the Railroad cease and desist from requiring employees ... to use walkways which fail to meet the standards established by the Public Service Commission." The doctrine of federal preemption barred any action by PSC on Black's complaint.

The United States Congress has enacted legislation to establish nationally uniform control of railroad safety. The Federal

Railroad Safety Act, 45 U.S.C. § 421 *et seq.*, provides:

> The Congress declares that laws, rules, regulations, orders, and standards relating to railroad safety shall be nationally uniform to the extent practicable. A state may adopt or continue in force any law, rule, regulation, order, or standard relating to railroad safety until such time as the Secretary has adopted a rule, regulation, order, or standard covering the subject matter of such State requirement.

45 U.S.C. § 434.

To determine whether the federal government has entered the area of railroad safety to a sufficient extent to preclude the state action requested by Black, the initial inquiry must be whether the federal government has adopted a rule, regulation, order or standard on the subject matter. The Federal Railroad Administration has adopted numerous regulations concerning track roadbed, geometry and structure. *See* 49 CFR Chapter II. Although unsafe walkways have not been the subject of specific federal regulations, the regulations as adopted indicate a congressional determination to regulate the entire railroad area. *Black v. Baltimore & O. R.R.*, (1980) Ind.App., 398 N.E.2d 1361, 1362. Walkways are a part of the track structure and rail system that in general present an area preempted by the Federal Railroad Administration, and they are immune from further regulation by state agencies. *Norfolk & Western Ry. v. Burns*, (E.D.Mich. 1984) 587 F.Supp. 161, 170.

Notwithstanding the fact that regulations have been adopted on the subject, a state may "continue in force an additional or more stringent law, rule, regulation, order, or standard ... when necessary to eliminate or reduce an essentially local safety hazard." 45 U.S.C. § 434. Thus, a complaint alleging an immediate safety hazard of particular local concern, such as the temporary placement of radioactive materials in the walkways, would be actionable by a state agency. *Norfolk & Western Ry. v. Burns, supra.* We are not persuaded, however, that the condition of the walkways from Bloomington, Indiana to Louisville, Kentucky presented a distinctively local safety hazard which would authorize state action under § 434. *Cf. Black v. Baltimore & O. R.R., supra* (allegedly hazardous conditions at B & O's Moorfield yards in Indianapolis did not present an essentially local safety hazard).

PSC was correct in dismissing Black's complaint, because it was preempted from acting in the areas complained of by virtue of the provisions of the Federal Railroad Safety Act and corresponding federal regulations.

Judgment affirmed.

RATLIFF and NEAL, JJ., concur.